**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| NATIONAL ELECTRICAL BENEFIT FUND, <br> 2400 Research Boulevard, Suite 500 <br> Rockville, Maryland 20850, <br><br> Plaintiff, <br><br> v. <br><br> NORTHGATE ELECTRIC, CORP., <br> a New York corporation, <br> 63 Depot Road <br> Huntington Station, NY  11746, <br><br> and <br><br> NORTHGATE EQUITIES, INC., <br> a New York corporation, <br> 63 Depot Road <br> Huntington Station, NY  11746, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 8:16-cv-3113 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT**

1. This is an action brought by the Trustees of a multiemployer pension plan, the National Electrical Benefit Fund (hereinafter the "NEBF"), to collect delinquent employee benefit plan contributions and related sums from Defendant Northgate Electric, Corp. and/or Defendant Northgate Equities, Inc., either or both of whom are doing business as "Northgate Electric Corp." an employer obligated to contribute to NEBF pursuant to the provisions of governing collective bargaining agreements and NEBF plan documents.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of this matter pursuant to Section 502(e) of the Employee Retirement Income Security Act of 1974, as amended (hereinafter "ERISA"), 29 U.S.C. § 1132(e). Plaintiffs are fiduciaries to the NEBF and this action arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), and 1145. Venue is proper because the NEBF is administered within this district. ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2).

3. This Court also has jurisdiction of this matter pursuant to Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185, as this is an action for a violation of a collective bargaining agreement between an employer and a labor organization.

## PARTIES

4. The NEBF is a multiemployer employee pension benefit plan within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2), that has been established pursuant to an agreement entered into between the International Brotherhood of Electrical Workers ("IBEW") and the National Electrical Contractors Association ("NECA"). Employers agree to participate in the NEBF pursuant to collective bargaining agreements with the IBEW or one of its affiliated local unions. The address of the NEBF is 2400 Research Boulevard, Suite 500, Rockville, Maryland 20850-3238.

5. Defendant Northgate Electric Corp. is an employer engaged in an industry affecting commerce, and upon information and believe, conducts business as "Northgate Electric, Corp.", "Northgate Electrical Corp." and/or "Northgate Equites, Inc." Northgate Electric, Corp. is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

6. Defendant Northgate Equites, Inc. is an employer engaged in an industry affecting commerce, and upon information and believe, is doing business as "Northgate Electric Corp.", "Northgate Electrical Corp." and/or "Northgate Equites, Inc." Northgate Equities, Inc. is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

7. The business operations of Northgate Electric, Corp. and Northgate Equities, Inc. are conducted under the authority officer and director Dina L. Dunn, otherwise known as Dina L. Bass.

8. The business operations of Northgate Electric, Corp. and Northgate Equities, Inc. are conducted at 63 Depot Road, Huntington Station, New York 11746.

9. Northgate Electric, Corp. and Northgate Equities, Inc. are under common control and operate as one in the same. They are herein collectively referred to as "Northgate."

## STATEMENT OF CLAIM

10. Northgate is a signatory, and has been a signatory continuously during all relevant periods, to one or more collective bargaining agreements (the "Collective Bargaining Agreements") with IBEW Local Union 25 as the collective bargaining representative of Defendant's employees. Pursuant to the Collective Bargaining Agreements, Defendant has been and is currently obligated to submit contributions to the NEBF on behalf of the employees covered by the Collective Bargaining Agreements.

11. Northgate, pursuant to the Collective Bargaining Agreements, has been and is also bound to all terms and conditions of the Restated Employees Benefit Agreement and Trust for the National Electrical Benefit Fund (the "Trust Agreement"), which has governed the administration of the NEBF at all times relevant to this action.

12. The NEBF Trust Agreement authorizes the Trustees to take all necessary actions to recover delinquent contributions. In addition, it authorizes the Trustees to recover interest on the delinquent contributions at a rate of ten percent (10%) per annum, liquidated damages in an amount equal to twenty percent (20%) of the delinquency, audit fees, and all costs and attorneys' fees, incurred in collecting the delinquency.

13. In or around July 2015, Northgate acknowledged to NEBF that it had failed to properly contribute to the NEBF for the periods prior to and including January 2015, and that as a result, Northgate owed NEBF a total of $75,637.26.

14. Northgate began making payments to NEBF pursuant to an agreed upon repayment schedule starting in July 2015, and continued to make regular scheduled payments to NEBF until approximately April 2016.

15. At the time Northgate defaulted under the terms of its repayment arrangement in May 2016, a total of $47,324.64 was outstanding. With interest, the amount presently due under that arrangement is $52,924.48.

16. In addition to the aforementioned amounts, Northgate has failed and refused to make all of its required contributions for the months February 2015 through the present. In this regard, Northgate reported but failed to pay $9,651.19 in contributions for work performed between February 2015 and April 2016. Interest on those unpaid contributions calculated at the rate of 10% per annum through the date hereof is $815.19. Liquidated damages, calculated at 20% of the delinquent contribution amounts equal $1,930.24.

17. Northgate may also owe contributions for May 2016 forward. NEBF cannot determine how much is due because Northgate has failed and refused to file its required payroll reports for that month and those following.

18. NEBF has made demands for the aforementioned amounts, but Northgate has failed and refused to pay same.

19. NEBF has incurred attorney's fees and costs in connection with its attempt to collect the delinquent contributions.

20. Despite Defendant's breaches of its obligations, the Trustees to the NEBF will be required to provide benefits to NEBF participants employed by Defendant, upon their retirement, based on their years of credited service, which would include those periods during which Defendant failed to contribute. This could result in a reduction of the corpus of the trust, thereby endangering the rights and benefits of other participants and beneficiaries on whose behalf contributions have been properly made.

21. Section 515 of ERISA requires an employer to make contributions to a multiemployer pension plan in accordance with its obligations under a collectively bargained agreement and the plan documents. 29 U.S.C. § 1145.

22. Section 502(a)(3) of ERISA provides that a fiduciary may enforce the provisions of ERISA and the terms of the plan through a civil action. 29 U.S.C. § 1132(a)(3).

23. Section 502(g)(2) of ERISA provides that a fiduciary of a multiemployer plan, bringing suit to recover delinquencies under Section 515, shall recover in addition to the unpaid contributions, interest thereupon, liquidated damages, attorney's fees and costs, and other appropriate legal and equitable relief. 29 U.S.C. § 1132(g)(2).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray for judgment in their favor, and that the Court's judgment include:

(a) **$52,924.48**, representing the balance under Northgate's July 2015 agreement with NEBF, plus interest thereon from the date of default;

(b) **$12,396.62**, representing unpaid contributions for the period February 2015 through April 2016 in the amount of $9,651.19, interest in the amount of 815.19, and liquidated damages in the amount of $1,930.24, plus interest until paid;

(c) An order directing defendant to file all missing payroll reporting forms for the period May 2016 to the present and that it pay the corresponding contributions, interest, and liquidated damages; and

(d) an award of all reasonable attorneys' fees and the costs of this action.

Plaintiffs further pray that the Court grant such other legal and equitable relief as the Court deems appropriate.

Dated: September 09, 2016          */s/ Jennifer Bush Hawkins*
                                   Jennifer Bush Hawkins
                                   Federal Bar No. 13064
                                   **POTTS-DUPRE, HAWKINS & KRAMER, CHTD.**
                                   900 7th Street NW, Suite 1020
                                   Washington, DC 20001-3888
                                   Phone: 202-223-0888
                                   Email:  jhawkins@phk-law.com

                                   *Attorneys for the*
                                   *National Electrical Benefit Fund*